Filed 3/19/25  P. v. Camacho CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>RAFAEL CAMACHO,<br><br>  Defendant and Appellant. | 2d Crim. No. B336208<br>(Super. Ct. No. BA432355)<br>(Los Angeles County) |

Rafael Camacho appeals the trial court's judgment following a recall and resentencing hearing to strike a now-invalid prior prison term enhancement.  (Pen. Code,[1] §§ 1172.75, 667.5, subd. (b).)  We reject Camacho's claim that the court abused its discretion by finding that a lesser sentence would endanger public safety and affirm.  (§ 1172.75, subd. (d)(1); *People v. Garcia* (2024) 101 Cal.App.5th 848, 856.)

This appeal concerns Camacho's 2015 conviction of five counts of residential burglary committed in a Los Angeles

---

[1]All statutory references are to the Penal Code.

apartment complex. Following a resentencing hearing in 2023, the trial court struck a one-year prior prison term enhancement which had been stayed pursuant to section 654, but otherwise imposed the same sentence. Camacho now contends that the court erred by finding that imposing a lesser sentence would endanger public safety. (§ 1172.75, subd. (d)(1).)

*FACTUAL AND PROCEDURAL HISTORY*

*Original Sentencing (2015)*

In 2015, a jury convicted Camacho of five counts of residential burglary committed in an apartment complex on the same day. (§ 459.) The trial court then found that Camacho suffered a prior serious felony and strike conviction, and that he served a prior prison term. (§§ 667, subd. (a)(1), 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).) The court imposed a second-strike sentence of 13 years' imprisonment, consisting of a doubled four-year middle-term sentence (eight years) for count 5 (residential burglary with a person other than accomplice present); a five-year term for the serious felony conviction; and a stayed one-year term for the prior prison term enhancement. The court imposed four-year prison terms to be served concurrently for the remaining four counts of burglary.

*Section 1172.75 Resentencing (2023)*

On July 31, 2023, Camacho petitioned the trial court to strike the stayed prior prison term enhancement and resentence him pursuant to section 1172.75. Camacho also requested that the court strike the five-year serious felony enhancement as well as the prior strike conviction pursuant to the resentencing provisions of section 1172.75, subdivisions (d)(1)–(3).

On December 15, 2023, the trial court held a resentencing hearing regarding the now-invalid prior prison term. Camacho

2

was represented by counsel, he waived his appearance in person, and he appeared remotely by video.

The trial court received written and oral argument and evidence of Camacho's rehabilitation in prison. Camacho stated that he had completed classes regarding drug addiction, anger management, gang affiliation, and self-improvement. He added that he is now 33 years old and more mature than when he committed the crimes in 2014.

The trial court then struck the stayed one-year prior prison term and resentenced Camacho to the same sentence of 13 years.

At resentencing, the trial judge described Camacho's burglary conviction of count 5 as a violent felony based upon the jury finding of the presence of a person who was not an accomplice. The judge also stated that multiple victims were involved which justified consecutive sentences but the original sentencing court imposed sentences to be served concurrently. Finally, the judge noted that Camacho was on parole or probation at the time of the offenses, yet continued to reoffend. He concluded: "Based on these circumstances, the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."

Camacho appeals and contends that the trial court erred by imposing the 13-year prison term because sufficient evidence does not support the court's finding of any danger that he presents to public safety.

The Attorney General responds in part that Camacho is not entitled to relief pursuant to section 1172.75 because his prior prison term enhancement was stayed, not imposed and executed. (Compare *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169; with *People v. Christianson*

(2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189.) In view of our discussion, however, we need not discuss this response.

*DISCUSSION*

Camacho asserts that he is not a danger to public safety because he has completed many substance abuse programs and self-improvement classes while imprisoned, and he is nine years older and therefore more mature. He contends that the trial court abused its discretion by not reducing his sentence.

Section 1172.75, subdivision (a) provides that any prison term enhancement imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), except that imposed for a prior conviction for a sexually violent offense, is legally invalid. Section 1172.75, subdivision (c) requires the trial court to recall an applicable sentence and resentence the defendant.

Section 1172.75, subdivision (d)(1) mandates the trial court impose "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) The court may also consider post-conviction factors, including the defendant's disciplinary record, his rehabilitation, and his age and physical condition affecting any risk for future violence, among other factors. (*Id.*, subd. (d)(3).)

Section 1170, subdivisions (b)(6)(A) and (B) also provide the possibility for a lower-term sentence where a defendant has experienced childhood trauma that contributed to the offense, or

4

the defendant was a youth at the time of commission of the crime, unless the court finds imposition of the lower-term would be contrary to the interests of justice.

The record does not affirmatively demonstrate that the trial court misunderstood or misapplied the law. We presume that the trial court knows and understands the sentencing laws and the options available for sentencing. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; *Ross v. Superior Court* (1977) 19 Cal.3d 899, 913-914.) We also presume the court acts to achieve legitimate sentencing objectives. (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978.) "Unless the record affirmatively demonstrates otherwise, the trial court is deemed to have considered all the relevant sentencing factors set forth in the rules." (*People v. Parra Martinez* (2022) 78 Cal.App.5th 317, 322.) In any event, the court discussed section 1172.75 indicating that it was aware of its sentencing discretion to impose a reduced sentence but chose not to do so.

The trial court did not abuse its discretion by finding that imposition of a lesser sentence would endanger the public safety. (*People v. Garcia, supra*, 101 Cal.App.5th 848, 856 [trial court's decision regarding danger to public safety pursuant to section 1172.75, subdivision (d)(1) reviewed for an abuse of discretion].) Although the risk to public safety contemplates a factual determination, section 1172.75, subdivisions (d)(2) and (3) provide for judicial discretion in resentencing. (*Garcia*, at pp. 856-857 ["Thus, section 1172.75, subdivision (d), vests the superior court with broad discretion based on an inherently factual inquiry"].) Camacho articulated his efforts at rehabilitation and the court responded that his efforts were commendable. Looking at the entirety of the record, however, the

court concluded that Camacho still presented a danger to public safety. Camacho had served prior terms in county jail or prison and continued to reoffend while on probation or parole. His parole officer reported that Camacho committed 10 parole violations and his performance on parole was "horrific." Moreover, section 1170, subdivision (b)(6)(B) does not require imposition of the lower term in every case in which the defendant was a youth at the time he committed the crime. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

Weighing the competing evidence is the province of the trial court. We may not reverse a sentencing decision merely because reasonable people might disagree. " ' "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " (*People v. Superior Court (Alvarez)*, *supra*, 14 Cal.4th 968, 978.) The trial court's analysis of the evidence was neither irrational nor arbitrary and we do not disturb it.

*DISPOSITION*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

BALTODANO, J.

CODY, J.

6

Mark K. Hanasono, Judge

Superior Court County of Los Angeles

_____

S.R. Balash, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lauren Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.